569 So.2d 1213 (1990)
Eugenia McManus
v.
Thomas R. HOWARD.
No. 89-CA-0904.
Supreme Court of Mississippi.
October 24, 1990.
Robert H. Bass, Grady F. Tollison, Jr., Tollison & Alexander, Oxford, for appellant.
Katherine S. Kerby, Gholson Hicks & Nichols, Columbus, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
BLASS, Justice, for the Court:
Eugenia T. Howard and Thomas R. Howard were married on the 20th day of December, 1968. Issue of the marriage were Thomas Richard Howard, born November *1214 3, 1971, and Asa Gregory Talbott Howard, born September 26, 1977. The parties, parents of these minors, were divorced by decree of the Chancery Court of Lowndes County, Mississippi, on October 13, 1981. An instrument styled "Property Settlement and Child Custody Agreement," dated October 13, 1981, was executed by the parties and was attached to and made a part of the final decree. The decree recited, in part: "Said Settlement Agreement is incorporated herein and made a part of this decree as fully and effectively as if the said Agreement were recopied herein at this point, and this Court will enforce said Agreement in accordance with the terms and provisions thereof for and against both parties, Thomas R. Howard and Eugenia T. Howard."
The Agreement referred to and incorporated in the decree awarded paramount physical custody of the children to the mother during the regular school year and to the father during the summer. Liberal visiting arrangements were provided. The controversy here arises out of the terms of Paragraphs 2(h) and 2(i), which are appended to this opinion for convenience. Essentially, sub-paragraph (h) makes Columbus, Mississippi, the residence of the children and requires the wife to give sixty (60) days written notice of any change of residence. Unless both parties agree to the proposed removal "wife shall be divested of custody of the minor children upon such relocation and custody shall therefore be vested in the husband... ." Sub-paragraph (i) limits the wife's trips out of the city to three (3) nights in succession and requires her to keep the husband informed of her whereabouts and gives the husband the right to custody of the children during such trips.
On June 12, 1989, the plaintiff, Eugenia McManus, appellant here, filed a complaint for declaratory judgment and other relief against the defendant, appellee, Thomas R. Howard, in which she recited that paragraph 2(h) and 2(i) of the above-mentioned Agreement were unconscionably restrictive and should be adjudicated to be unenforceable. The complaint stated that if the plaintiff moved to another county, no change in custody should be allowed. It was further stated that the three-night restriction in sub-paragraph 2(i) should be changed because of a material change in circumstances which has occurred since the entry of the decree approving the Agreement. The complaint stated that the best interest of the children required that these provisions be held to be unenforceable.
In the alternative, the complaint stated that the Agreement should be modified to allow the plaintiff to move to another county. Material changes in circumstances were alleged to include the contemplated remarriage of the plaintiff to a resident of another county in Mississippi, and the expanded and enhanced occupational opportunities afforded the plaintiff that included the frequent absences of the plaintiff from Lowndes County. The complaint prayed for declaratory judgment that paragraphs 2(h) and 2(i) were unenforceable and, in the alternative, that the two paragraphs be modified. The defendant below, appellee here, answered and counter-claimed on July 10, 1989, denying that the plaintiff was entitled to any relief and seeking custody for himself. At the same time, the defendant, appellee here, filed a motion to dismiss the complaint. Plaintiff responded to the counter-claim and the motion to dismiss on July 24, 1989. The matter was heard before the chancery court on July 24, 1989. The chancellor denied the motion for declaratory judgment after a hearing and proceeded then to testimony on the motions for modification of the divorce decree and custody agreement, which motions were denied.
From the final decree, entered on August 3, 1989, the plaintiff timely appealed to this Court, charging that:
The lower court erred in not declaring as invalid and unenforceable the provision in the custody agreement which changes custody of the children from the mother to the father on relocation by the mother.
A thumbnail sketch of the position of the parties here is this: At the time of the divorce the parties agreed that Columbus would be the home of the children and that *1215 their primary custody would be with the mother. They agreed that if the mother moved away from Columbus without the consent of the father, the custody would automatically be divested from her and placed in the father. The mother now says that that agreement should not be enforced as being contrary to public policy and the law. When she filed the complaint she contemplated remarriage and has since remarried and that it is in the best interest of the children that they be allowed to reside in another county in the state and that a change of residence is not a change of circumstance that would justify a modification of the divorce decree.
The husband, on the other hand, says that the Agreement was made by the parties freely and voluntarily and was approved by the court and should be enforced.
In his bench opinion, the Chancellor found that both father and mother are fit and proper parents to have custody of the children. The court was of the opinion that it would be in the best interest of the older son to remain where he was for his senior year in school but, beyond that, made no determination, either way as to whether relocation would be in the best interest of the children. The court observed that the statutory and case law were to the effect that the Chancellor may modify the decree only if there is a finding of material change of circumstances adversely affecting the children. He said there had been no such finding here. The court considered that it was not wrong for the court to compel enforcement of the Agreement exhibited. The court said, "For reasons known only to the parties, their Agreement was for joint custody with the mother to be the principal custodian for so long as she remained in the Columbus area." The court said that it had heard no proof that relocation would be in the best interest of the children, only that she has been the principal custodian for the past eight (8) years. The court said, "However, because of their Agreement, being the principal custodian placed her not in a preferenced position." They defined the terms of their agreed joint custody arrangement. Statutorily, and the case law confirms the proposition, the Chancellor may modify the decree only if there is a finding of a material circumstance adversely affecting the children. The court went on to say that it would be beyond the authority of the court at this time to consider or to intervene. It is evident from the bench opinion that the position of the Chancellor was that the Agreement was made by the parties and should be enforced in the absence of a finding of a material change of circumstance adversely affecting the children.
The law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the Agreement which the parties have made, absent any fraud, mistake, or overreaching. First Nat'l Bank of Vicksburg v. Caruthers, 443 So.2d 861, 864 (Miss. 1983); Weatherford v. Martin, 418 So.2d 777, 778 (Miss. 1982). This is as true of agreements made in the process of the termination of the marriage by divorce as of any other kind of negotiated settlement. Newell v. Hinton, 556 So.2d 1037, 1042 (Miss. 1990); East v. East, 493 So.2d 927, 931-32 (Miss. 1986). They are contracts, made by the parties, upon consideration acceptable to each of them, and the law will enforce them. East, 493 So.2d at 932-33. Courts will not rewrite them to satisfy the desires of either party. Travelers Indem. Co. v. Chappell, 246 So.2d 498, 510 (Miss. 1971). With regard to the property of the parties, this is a strong and enforceable rule with few, if any, exceptions. Osborne v. Bullins, 549 So.2d 1337, 1339 (Miss. 1989); Morris v. Morris, 541 So.2d 1040 (Miss. 1989). When the subject of the Agreement is the custody of minor children, even the minor children of the parties, other considerations override the basic rule. Pace v. Owens, 511 So.2d 489, 490 (Miss. 1987); Duran v. Weaver, 495 So.2d 1355, 1357 (Miss. 1986); Tucker v. Tucker, 453 So.2d 1294, 1297 (Miss. 1984). The welfare of the children and their best interest is the primary objective of the law, and the courts must not accord to contractual arrangements such importance as to turn the inquiry away from that goal. *1216 Pace, 511 So.2d at 490; Albright v. Albright, 437 So.2d 1003, 1005 (Miss. 1983).
Here the complaint was for a declaratory judgment charging that the two paragraphs of the 1981 Agreement were void and unenforceable as being contrary to public policy. This case is appropriate for declaratory judgment pursuant to Rule 57's purpose of adjudicating actual controversies when the case is not yet ripe for a coercive remedy. See Miss.R.Civ.P. 57 comment (1990).
The plaintiff argued that under our statutes and decisions, the Chancellor simply cannot surrender the jurisdiction vested in the court by the law and consequently, he cannot enforce an agreement which spells out the factors which will automatically have the effect of changing the custody of the children from one parent to another. Such a ruling would be a surrender of jurisdiction vested in it, which the court may not do. Miss. Code Ann. § 93-5-24 (Supp. 1990). Cf. Taylor v. Taylor, 392 So.2d 1145, 1147 (Miss. 1981) (quoting J. Bunkley & W. Morse, Amis Divorce and Separation in Mississippi § 6.14 (1957)) ("parties may not by contract or agreement deprive court of [power to modify decree], nor may the court renounce it").
From this record, it seems that the character of the complaint itself, that it is a complaint for a declaratory judgment, was somehow lost in the discussion about the stipulation of facts and stipulation as to what Mrs. Howard would say if she testified. While counsel for the plaintiff attempted to focus upon the declaratory judgment, the learned Chancellor appears to have been more interested in going into the purpose of the parents in establishing a home base concept in 1981, and the effect of any anticipated move on "that structured relationship created by these parties and as it has a bearing and relevancy to the best interest of the children." The court went on to say, "Simply stated, these parties committed themselves to a course of action to create stability for the children and the court is of the opinion that that concept is enforceable." The court then denied the declaratory judgment without addressing the issue of whether or not the court may subordinate its authority and be bound by the Custody Agreement which called for change in custody, without further court action or approval, upon the happening of certain events. In so doing we find that the Chancellor was in error. Being given jurisdiction by Miss. Code Ann. 93-5-24(6) (Supp. 1990) and the children being wards of the state, Tighe v. Moore, 246 Miss. 649, 666, 151 So.2d 910, 917 (1963) and there being an ample body of the case law for the guidance of the court, Arnold v. Conwill, 562 So.2d 97, 99 (Miss. 1990); Rutledge v. Rutledge, 487 So.2d 218, 219 (Miss. 1986), the court simply cannot surrender or subordinate its jurisdiction and authority as to the circumstances and conditions which will cause a change in custody. We hold such an Agreement to be void and contrary to public policy. We have recently considered a similar problem and have reached the same conclusion. Bell v. Bell, No. 89-1108 (Miss. Oct. 3, 1990). Accordingly, we reverse, and grant judgment here for the declaratory judgment as to later sub-paragraphs 2(h) and 2(i). No other matters were submitted to this Court by the appeal.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
DAN M. LEE, P.J., dissents without opinion.
PRATHER, J., not participating.

APPENDIX
(g) So as to insure a fit and proper environment for the rearing of the minor children, the parties agree that in the event there is a scintilla of evidence of unmarried sexual activity by wife where the minor children are residing or in the vicinity of the minor children, wife shall immediately forfeit and be divested of all custody rights with respect to the minor children, custody of the minor children thereupon automatically vesting in husband, subject only the right of wife to have reasonable visitation *1217 with the minor children at reasonable times and places.
(h) In furtherance of the concept of a "home base" hereinabove discussed, the parties agree that the children shall reside in the Columbus, Mississippi area. Wife agrees to give husband sixty (60) days advance written notice of any intended relocation. Unless both parties agree that the children may be removed from the Columbus, Mississippi area to this new location, wife shall be divested of custody of the minor children upon such relocation and custody shall thereupon be vested in husband subject to further orders of the Court. Wife shall have the right to reasonable visitation with the minor children at all reasonable times and places during this period until the matter is finally determined by the Court.
(i) During the portion of the year in which the children reside with wife, wife agrees to give husband advance notice of any trips she plans out of the town of Columbus, Mississippi and further agrees to limit any out of Columbus, Mississippi trips to not more than three nights and to provide husband with information regarding her destination and location so as to afford him a basis to communicate with her if necessary. Furthermore, during such out of town trips, husband, at his option, shall have the right to have custody of the minor children.