656 So.2d 102 (1995)
Elijah S. VIVERETTE
v.
STATE HIGHWAY COMMISSION OF MISSISSIPPI.
No. 92-CC-00455-SCT.
Supreme Court of Mississippi.
May 11, 1995.
Jerry L. Bustin and Rick B. Clark, Forest, for appellant.
William E. Ready, Jr., Ready & Associates, Meridian and Henry P. Pate, III, Pascagoula, for appellee.
*103 Before DAN M. LEE, P.J., and BANKS and JAMES L. ROBERTS, Jr., JJ.
BANKS, Justice, for the Court:
This eminent domain case presents a question of a dispute over the terms of a settlement. We conclude that the record does not reflect a meeting of the minds and we reverse the judgment of the trial court enforcing the purported settlement.

I.
This case involves a settlement announcement by the parties during the trial to the effect that the case was being settled for $5000. Unfortunately, all agree that there was no explicit mention of the $2800 already paid by the Mississippi State Highway Commission to the landowner, Elijah Viverette under the "quick take" provision of our statutory scheme. Miss. Code Ann. § 11-27-85 (1972). Viverette contends that the settlement was for $5000 in additional money and the Commission contends that the $5000 was the gross amount to be paid for the property and the $2800 was to be deducted. A judgment was entered for the $5000 amount but, inadvertently, the judgment had not been exhibited to Viverette. On a motion to set aside the judgment, Viverette's lawyer testified that it was his understanding that the $5000 was in addition to the $2800 and there would never have been a settlement for $2200 in additional money. A witness for the Commission testified that it was his understanding that the settlement was for a gross amount of $5000. No witness, including the trial judge, recalled a specific mention of the $2800.
The trial court expressed a vague recollection of the negotiations and that during the negotiations he expressed the opinion that the case should settle for $4000. The court finally ruled that the judgment would not be set aside based on its assessment that the $5000 total was a fair price for the property. The court made no explicit finding that there had been a meeting of the minds with respect to the settlement.
Viverette brings this appeal assigning as error the preclusion of himself as a witness because of his prior perjury conviction and the failure to set aside the judgment.

II.

a.
The first issue raised by Viverette need not detain us. The court was compelled to exclude Viverette's testimony because, as a convicted perjurer he is not a competent witness under our rules. M.R.E. 601(b). The cases cited by Viverette are inapposite because they involved witnesses who had not been convicted of perjury. White v. State, 532 So.2d 1207 (Miss. 1988); Isonhood v. State, 274 So.2d 685 (Miss. 1973).

b.
The only basis for the judgment appealed from is the purported settlement. It is elementary that in order for there to be a settlement there must be a meeting of the minds. Thomas v. Bailey, 375 So.2d 1049, 1052 (Miss. 1979) (citing Hutton v. Hutton, 239 Miss. 217, 230, 119 So.2d 369, 374 (1960)); McManus v. Howard, 569 So.2d 1213 (Miss. 1990) (a settlement is a contract). The burden is upon the party claiming the benefit of the settlement to demonstrate by a preponderance of the evidence that there was a meeting of the minds. Warwick v. Matheney, 603 So.2d 330, 336 (Miss. 1992). There is no evidence in this record that the effect of the quick take deposit was considered and agreed upon. The trial court made no finding in this regard. It follows that the judgment cannot stand.
The judgment of the trial court is reversed and this matter is remanded to that court for further proceedings.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE, PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.