798 So.2d 560 (2001)
James Willie CARROLL and Nancy K. Carroll, Appellants
v.
Charlie HENRY and Ruby Henry, Appellees.
No. 1999-CA-01682-COA.
Court of Appeals of Mississippi.
March 27, 2001.
Rehearing Denied July 17, 2001.
Certiorari Denied October 25, 2001.
*561 Dannye L. Hunter, Ridgeland, for Appellants.
Pat Donald, Madison, for Appellees.
Before KING, P.J., BRIDGES, and THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. The Scott County Chancery Court held that an easement had been properly formed by a special commissioner and agreed to by both the Carrolls and the Henrys. The Carrolls appeal, asserting:
I. THE CHANCELLOR ABUSED HIS AUTHORITY AND COMMITTED REVERSIBLE ERROR BY SUA SPONTE APPOINTING A SPECIAL COMMISSIONER TO DRAFT AN EASEMENT; BY ORDERING THE PARTIES TO EXECUTE AND FILE SUCH EASEMENT; AND BY SUBSEQUENTLY NOT SETTING SAME ASIDE AND ENTERING A CORRECT JUDGMENT OR CONCLUDING THE TRIAL OF THIS CASE.

FACTS
¶ 2. On August 13, 1998, the second day of trial wherein the Henrys were attempting to gain a prescriptive easement for ingress and egress to their land over the Carrolls' land, the Carrolls announced that the two parties had come to an agreement. The attorney for the Carrolls recited into the court record the provisions of this easement agreement. Satisfied with this agreement, the chancellor dismissed the case.
¶ 3. On January 5, 1999, the Henrys filed a motion to enter judgment, asking the court to prepare and enter a judgment after it had become obvious to both parties that a written easement as prepared by either party could not be agreed upon. The chancellor appointed Ricky Ruffin, an attorney in Jasper County, as special commissioner, charged with the duty of preparing an easement based on the agreement recited in the August 13, 1998 trial. The Carrolls signed the Ruffin easement on April 4, 1999. The Henrys signed the Ruffin easement on April 9, 1999.
¶ 4. On May 13, 1999, the Carrolls filed a motion to resume and conclude trial or for a new trial asserting that the Ruffin easement did "not accurately reflect what Movants thought was a settlement in this case, is ambiguous, and does not conform even to the announcements of August 13, 1998 nor other agreements which Movants thought the parties had made as part of a settlement of this case subsequent to the announcements of August 13, 1998." Finding this motion to have no merit, the chancellor denied this motion on September 10, 1999. The Carrolls appeal this order.

ANALYSIS

I. DID THE CHANCELLOR ABUSE HIS AUTHORITY OR COMMIT REVERSIBLE ERROR?
¶ 5. It is elementary that when two parties come to a meeting of the minds, announce to the trial court that an agreement or settlement has been reached, and then recite the details of that agreement to the court on record, a settlement has been formed. See Gulfport Pilots Association, Inc. v. Kopszywa, 743 So.2d 1036, 1038 (Miss.Ct.App.1999); Viverette v. *562 State Highway Com'n, 656 So.2d 102, 103 (Miss.1995). The case at hand presents even more evidence that a meeting of the minds took place than is presented in the precedent that we cite. We quote Gulfport Pilots Association in saying: "a meeting of the minds did take place and [we] find it simply a waste of judicial resources to opine on the obvious." Gulfport Pilots Association, Inc., 743 So.2d at 1038.
¶ 6. Furthermore, "the law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." McManus v. Howard, 569 So.2d 1213, 1215 (Miss.1990) (citing First Nat'l Bank of Vicksburg v. Caruthers, 443 So.2d 861, 864 (Miss.1983); Weatherford v. Martin, 418 So.2d 777, 778 (Miss.1982)).
¶ 7. As far as any additional evidence or information involving the settlement, "the written provisions adopted by contracting parties merge only those prior and contemporaneous writings which are contained within as the final and complete expression of their agreement." Security Mutual Finance Corp. v. Willis, 439 So.2d 1278, 1281 (Miss.1983) (citing Fortune Furniture Mfg., Inc. v. Pate's Electronic Co., 356 So.2d 1176, 1178 (Miss.1978)). Furthermore,
the terms of a written contract or conveyance cannot be varied or added to by parol evidence is not merely a rule of evidence, but is one of substantive law, and in measuring the rights of the parties to a written contract or conveyance, which, on its face, is unambiguous and expresses an agreement complete in all of its essential terms, the writing will control.
Security Mutual Finance Corporation, 439 So.2d at 1281 (citing Jones, Commentaries on Evidence, vol. 3, par. 434; Wigmore on Evidence, vol. 4, pars. 2400 and 2425.)
¶ 8. Not only is it quite obvious that a settlement was reached during the second day of trial in this case, a written contract was prepared by a special commissioner and signed by both parties, the appellant being the first. Therefore, we affirm.
¶ 9. THE JUDGMENT OF THE SCOTT COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.