851 So.2d 397 (2003)
Lester M. HOPSON, Jr., Appellant,
v.
Sandra Denise Childs HOPSON, Appellee.
No. 2002-CA-00687-COA.
Court of Appeals of Mississippi.
July 22, 2003.
*398 John R. White, attorney for appellant.
John A. Ferrell, Booneville, attorney for appellee.
Before KING, P.J., BRIDGES, IRVING and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Lester Hopson appeals the chancellor's ruling which altered the property settlement agreement with his ex-wife, Sandra Hopson, and increased the amount of child support Lester was responsible for paying. Lester appeals asserting:
1. THE CHANCELLOR ERRED IN MODIFYING THE PROPERTY SETTLEMENT AND THE CHILD SUPPORT

STATEMENT OF FACTS
¶ 2. Lester and Sandra Hopson were granted a divorce on March 13, 2000. The two executed a property settlement agreement, which was incorporated into the divorce decree. Pursuant to the agreement, Sandra was to pay off her student loans. She had taken out loans with a balance of approximately $1,500 prior to her marriage and taken out loans of approximately $30,000 during the marriage. She received her van plus $1,500 from the sale of stock. Lester received, pursuant to the agreement, the house, furniture, livestock, two trucks, and a retirement account. The reason for the seemingly inequitable division is because the couple had no equity in the property. Lester agreed to pay the $183,570 in debt owed on the property, including the debt owed on the van Sandra was to receive.
¶ 3. Lester and Sandra had a child who was five years old at the time of divorce. Sandra was awarded custody of the child. Lester was to pay each month the greater of 10% of his adjusted gross income or $400 as child support.
¶ 4. The divorce was granted on March 13, 2000. On April 2, 2001, Sandra filed a motion which asked for a modification of the decree. Sandra sought to change the property settlement concerning the student loans. Sandra claimed that she understood that she was to be responsible for only the student loans she obtained prior to marriage, not the ones she obtained during the marriage. Sandra alleged that she discovered the student loans taken out by her during marriage were not being paid when she attempted to secure another loan in late fall of 2000. She argued that the student loans taken out by her during the marriage were commingled with family funds and did not benefit her alone. She argued that it was impossible for her to pay back the student loan with the salary she earned. Sandra also claimed that her attorney actually was paid by Lester and worked closely with Lester and that resulted in her not receiving proper legal advice. Lester argued that the property settlement was specifically clear that Sandra was to be responsible for the entire student loan amount.
¶ 5. Sandra also claimed that Lester's income had increased from approximately $48,000 to $72,000 and that the child had *399 greater expenses thus necessitating an increase in child support.
¶ 6. The chancellor ruled in favor of Sandra on February 4, 2002. The property settlement agreement was modified resulting in Lester having to pay half of the remaining student loans. The chancellor also increased the amount of child support Lester was to pay. Lester was to now pay each month fourteen percent of his adjusted gross income. Lester sought a reconsideration of the decision. It was denied on April 1, 2002. Lester then filed his timely appeal.

LEGAL ANALYSIS

Student Loans
¶ 7. A true and genuine property settlement agreement is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character. East v. East, 493 So.2d 927, 932 (Miss.1986); In re Estate of Kennington, 204 So.2d 444, 449 (Miss.1967). Agreements created in the process of the termination of the marriage by divorce are contracts, "made by the parties, upon consideration acceptable to each of them, and the law will enforce them." McManus v. Howard, 569 So.2d 1213, 1215 (Miss.1990). M.R.C.P. 60(b) reads:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram nobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action and not otherwise.
¶ 8. In Mississippi, we still have courts of equity. Our chancellors are granted broad equitable powers. Lester argues that Sandra's motion was not made within a reasonable time after the divorce. Although Lester argues that it was two years from the date of divorce to the date of the chancellors modification, it was actually only a little over a year from the time of the divorce to the date of Sandra filing the request. The delay in the ruling on the motion was due to continuances granted for Lester's benefit.
*400 ¶ 9. The settlement agreement specifically stated that Sandra was responsible for her student loans. Sandra agreed to the settlement. The settlement was not vague nor ambiguous. Sandra attempted to show that her salary had not increased and that she would be unable to repay the amount of the loans. She also argued that the student loans were for the benefit of the family, not her alone. Sandra did obtain a master's degree in education. The chancellor abused her discretion in modifying the settlement agreement. A mistaken interpretation on the part of Sandra is not a justifiable reason to modify the decree. The decision to modify the property settlement is reversed and rendered.

Child Support
¶ 10. In order to justify the modification of the child support provisions of a divorce decree, the moving party must show that there has been a material or substantial change in the circumstances of one of the parties. Shipley v. Ferguson, 638 So.2d 1295, 1298 (Miss.1994). The chancellor is afforded broad discretion in the modification of child support, and we will reverse "only when he is manifestly wrong in his finding of facts or has abused his discretion." Bruce v. Bruce, 687 So.2d 1199, 1202 (Miss.1996).
¶ 11. As for the child support, Lester's salary increased from $48,000 to $72,000. Sandra presented evidence to the chancellor that the needs of the child had increased. Sandra also showed that Lester was paying an amount less than the statutory amount. Lester argues that there was no change in circumstances.
¶ 12. Lester's only other argument is that the chancellor failed to consider the fact that Lester now has another child by his new wife. Mississippi Code Annotated § 43-19-101(3)(d) is not an absolute requirement, but allows the chancellor the discretion to consider the presence of other children in determining child support.

CONCLUSION
¶ 13. The chancellor was correct in modifying the child support. We find no abuse of discretion in that ruling and thus affirm. We do reverse and render the decision to modify the property settlement agreement. The agreement was not vague, nor ambiguous. Sandra does not show any justifiable reason to modify the agreement.
¶ 14. THE JUDGMENT OF THE ALCORN COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. COSTS OF THIS APPEAL ARE TO BE DIVIDED EQUALLY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.