CHANDLER, J.,
for the Court.
¶ 1. On June 17, 2002, Alfred Bosarge, III filed a petition to modify child custody and support, based on both a claim that the eldest of three children had moved from the household of his former wife, Cheryl, to his household, as well as a claim that his earnings had decreased and he was unable to continue paying the support that was required by a previous settlement agreement, which was incorporated into *517 their 1988 divorce judgment. Cheryl counterclaimed alleging Alfred was in contempt for unpaid child support. After a one day trial on December 19, 2002, the Perry County Chancery Court denied Alfred’s petition to modify the child support provisions and found him to be in contempt of court. He appeals asserting the following issues which we quote verbatim.
1. The trial court erred in finding the appellant in contempt for failure to pay child support and not finding that the appellant had reasonable justification for noncompliance and made a reasonable effort to comply or seek relief from the court.
2. The trial court erred in awarding the appellee attorney’s fees.
3. The trial court erred in not allowing the appellant a credit towards child support arrearage for the time the minor child resided with him.
4. The trial court erred in modifying child custody granting appellant custody of the parties’ oldest minor child and not awarding the appellant child support.
Finding no error, we affirm.
FACTS
¶ 2. In August of 1998, the chancery court entered an order for withholding, requiring Alfred’s employer to withhold $500 per month from him, $400 for child support and $50 toward a child support arrearage. The employer was to pay that amount to the chancery court clerk. In 2000, without any notice to the chancery court, Cheryl approached the Department of Human Services (DHS) about ongoing deficiencies. On June 2, 2000, DHS sent to the chancery court clerk a notice of redirection of child support payments directing that the clerk send the payments received to DHS.
¶ 3. Trial on the petition to modify and counter-claim for finding of contempt was held on December 19, 2002. At the trial, an accounting from DHS was introduced into evidence. It appears that sometime between August of 1998 and June of 2000, which is when DHS began collecting the child support payments, Alfred became current in his payments, as the DHS accounting showed no initial arrearage. However, Alfred admitted that in November of 2001 a check was returned for insufficient funds. Alfred then directly gave Cheryl a second check, which was honored by his bank, but in December of 2001 he failed to send a check because he thought the first November of 2001 check would be resubmitted. The record was not clear as to whether Alfred made a January of 2002 payment.
¶ 4. On January 20, 2002, Alfred fell from a deer stand and seriously injured his back. He admittedly paid no more support until May of 2002. Cheryl testified that the child support arrearage was $3,204 plus the $460 due in December of 2002. The DHS accounting showed an arrearage of $3,204. Alfred agreed that he had not paid all the child support required, but he was unable to give a figure as to the amount.
ANALYSIS
1. FINDING OF CONTEMPT
¶ 5. A finding of contempt for failure to pay child support is subject to the deferential manifest error standard of review. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987); Witters v. Witters, 864 So.2d 999 (¶ 18) (Miss.Ct.App.2004). Alfred contends the chancery court erred in finding him in contempt because he was unable to pay the child support after his injury. However, this contention does not accurately reflect the chancery court’s findings. The chancery court found that *518 Alfred had not promptly sought relief after his injury:
He [Alfred] would have this Court believe that he acted with reasonable dispatch in bringing that [his injuries from the fall] to the Court’s attention, but I don’t find an injury that occurred in January and a modification relief asked in July — of mid July to be reasonably done and done with dispatch and that old dog won’t hunt.
Moreover, at the time the chancery court made its ruling, Alfred testified that he had recovered from his injury and was earning approximately $600 per week, yet he had made no effort to pay any amount towards the arrearage. Credible evidence supported the chancery court’s finding that Alfred was in contempt of court for failure to pay the child support recited in the settlement agreement and incorporated into the divorce decree. Accordingly, we find this issue is without merit.
2. ATTORNEY’S FEES
¶ 6. The standard of review for a chancery court’s award of attorney’s fees in an action for enforcement of child support provisions is abuse of discretion. Ladner v. Logan, 857 So.2d 764 (¶ 31) (Miss.2003); Langdon v. Langdon, 854 So.2d 485 (¶ 41) (Miss.Ct.App.2003). In this case, Alfred confesses in his brief that his basis for this error rests in his assignment that the finding of contempt was error. He does not contend that the award of $1,000 as a contribution towards the total of Cheryl’s fees was an abuse of discretion. Having found the chancery court did not err in finding Alfred to be in contempt, there can be no basis for finding the chancery court abused its discretion in ordering Alfred to pay a portion of Cheryl’s attorney’s fees. Accordingly, we find this issue is without merit.
3. CREDIT FOR MINOR CHILD
 ¶ 7. Decisions regarding modification of child support provisions of a divorce decree are left to a chancery court’s discretion, and will only be disturbed if in manifest error. Gillespie v. Gillespie, 594 So.2d 620, 622 (Miss.1992); Hopson v. Hopson, 851 So.2d 397 (¶ 10) (Miss Ct.App.2003). In this case, Alfred’s contention is two-fold. First, he contends that the chancery court erred in not allowing him a credit towards the arrearage for support he directly provided the eldest daughter who came to reside with him in January of 2001. Additionally, Alfred contends that the chancery court erred in not reducing the amount of child support he paid to Cheryl, because the eldest daughter leaving her household constituted a material change in circumstances.
¶ 8. Child support vests when it becomes due. Setser v. Piazza, 644 So.2d 1211, 1215 (Miss.1994). Nevertheless, a chancery court does have discretion to allow a credit against an arrearage if one of several children becomes emancipated pri- or to an action for modification of child support being brought. Department of Human Services, State of Miss. v. Fillingane, 761 So.2d 869(¶ 13) (Miss.2000). However, “the emancipation of one child does not automatically reduce the supporting parent’s periodic payment.” Varner v. Varner, 588 So.2d 428, 433 (Miss.1991). In this case, the chancery court cited several reasons for its decision against modifying the settlement agreement’s $400 per month child support provision. The chancery court found that Alfred had not acted with dispatch after his injury to seek a modification, and his unilateral decision to reduce his payments .without court approval resulted in Alfred coming to equity with unclean hands. The chancery court explicitly found that reducing the monthly amount while Alfred was in arrearage *519 would in effect reward him because Alfred would satisfy the arrearage without increasing his monthly payments. Additionally, the chancery court found that the settlement agreement’s provision of $400 per month support was within guidelines of Mississippi Code Annotated Section 43-19-101 (Rev.2000). Pursuant to this statute, the $400 per month figure is presumed to be reasonable, and no' evidence overcame that presumption. Nothing in the record indicates that the chancery court committed manifest error in declining to modify the child support provisions. This issue is without merit.
IV. CUSTODY OF THE ELDEST CHILD
¶ 9. This assignment of error is a corollary to the previous assignment of error. Alfred contends that the chancery court erred in altering the physical custody of the eldest daughter, who was seventeen years old, without altering the child support provisions of the settlement agreement by ordering Cheryl to pay support for this child. Viewing the record, it appears that the incomes of Alfred and Cheryl were roughly equal. However, $400 a month was less than Cheryl expended on the two younger children residing with her. Alfred had remarried and had a child of that marriage. It was undisputed that Alfred’s injury and the addition of the eldest child to his household altered his economic situation. Nevertheless, the Court is ultimately left with the fact that Alfred came to equity without having met his obligations under the settlement agreement, and without making a timely appeal to the chancery court to modify his obligations in light of his injury. The determination of this issue must be left to the chancery court’s discretion. See, e.g., Gillespie, 594 So.2d at 622. While there is obvious merit to Alfred’s argument, the record also factually supports the chancery court’s decision. Given our standard of review, we find the record cannot support a finding of manifest error. This issue is without merit.
¶10. THE JUDGMENT OF THE CHANCERY COURT OF PERRY COUNTY IS AFFIRMED. THE APPELLANT IS ASSESSED ALL COSTS OF THIS APPEAL.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.