IRVING, J„
for the Court.
¶ 1. This appeal comes from an order for replevin entered to enforce a settlement agreement between David and Lars Madison. The parties reached the settlement agreement on February 12, 2004, but were unable to work together to carry out the agreement. Thereafter, the Tate County Circuit Court ordered that the goods be replevined from David, in accordance with the terms of the settlement agreement. The court also dismissed an answer and counterclaim filed by David. David now appeals, asserting that the court erred in (1) signing an agreed order that was not signed by the parties, (2) dismissing David’s counterclaim, and (3) depriving David of his property rights and impairing his right to contract.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Pursuant to a court order authorizing the removal of various items from Lars’s property,[1] Lars and David agreed *834 to move the items to David’s property to keep them from government acquisition. After some amount of time, Lars requested to retrieve the items, and David refused. Lars eventually filed a replevin action to retrieve the items, which totaled around $31,000 in value.
¶ 4. At an initial hearing on the replevin action on February 12, 2004, the parties withdrew with their respective attorneys, and a settlement agreement was reached. Although the parties did not formally write down and sign the agreement at that time, they did inform the court that an agreement had been reached, and read the terms of the agreement into the record. The parties also agreed to go to David’s property the following day so that a more accurate inventory of the items could be obtained. During the walkthrough on February 13, the parties maintained a written list of the items that they agreed would be removed. On the same day that the parties toured David’s property to determine a proper inventory, David filed an answer to Lars’s claim and filed his own counterclaim.
¶ 5. After the hearing and agreement, there was much correspondence between the involved parties. Lars and his attorney drafted a proposed agreed order, to which David and his attorney suggested several (mostly clerical) alterations. The suggested changes were made, but David still refused to allow Lars to collect the items in question. On January 30, 2005, a final order was entered ordering replevin of the goods from David. Although the January 30 order was titled as an “agreed order,” no party except the judge signed the order. The court failed to enter the correct date and amount of time for Lars to retrieve the property on the January 30 order, but this defect was corrected on March 15, 2005, when the court entered an amended order with the proper timetable. This amended order was not labeled as an agreed order.
¶ 6. On January 28, 2005, Lars’s motion to strike David’s answer and counterclaim was granted. David filed a proper appeal on February 17, 2005.
ANALYSIS AND DISCUSSION OF THE ISSUES

Standard of Review

¶ 7. When reviewing the findings and decisions of a court sitting without a jury, we accord the court “the same deference with regard to his findings as a chancellor.” Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993) (citing Kight v. Sheppard Building Supply, Inc., 537 So.2d 1355, 1358 (Miss.1989)). We will not disturb the court’s findings of fact “unless manifestly wrong or clearly erroneous.” Id. We give great deference to the trial judge, because he, as the trier of fact in this case, is in a far greater position to sense whether the parties were credible and rule accordingly. See Culbreath v. Johnson, 427 So.2d 705, 707-08 (Miss.1983).

(1) Signing of the Agreed Order

¶ 8. In his first point of error, David argues that the court erred in signing an “agreed order” without the signature of any party to the dispute. David contends that this is significant because the lack of signatures means that “this replevin action at the trial level still is pending.” We note that David provides little supporting citations for his argument — no case law, no statutes, and no secondary sources. The only citations are to Article Three of the Mississippi Consti *835 tution and the Fourteenth Amendment of the United States Constitution, which David contends the court violated by denying him due process of law.
¶ 9. After reviewing the replevin code provisions, Mississippi Code Annotated section 11-37-101 through 11-37-157, we find no requirement that a replevin order be issued by means of an agreed order. It appears to us that the only reason the order was titled as an “agreed” order was that the order had been drafted by Lars and his attorney as an agreed order, which they were unable to get David to sign. The court merely utilized the pre-created form instead of redrafting its own order. Additionally, the order was intended to be “agreed” to form only, not substance. Any possible prejudice arising from the lack of signatures would therefore be limited to matters of form, of which David 'has alleged none. David had already agreed to the substance of the order by entering the settlement agreement that was recorded in open court.
¶ 10. Although the court corrected the form of the order in its amended order, the amended order was filed after David’s notice of appeal. Therefore, we will not consider the amended order as correcting any error for appeal. However, after reviewing all the facts and case law, we find no error on the part of the court sufficient to require reversal. While it would have been better for the court to re-draft the replevin order as a non-agreed order, no prejudice arose to David as a result of the court utilizing the form that it was given. Nothing we have seen indicates that the court was without authority to enter a non-agreed order, which is essentially what the court did. Any error on the part of the court simply does not rise to the level of reversible error.
¶ 11. We also note that “[o]ur law favors settlement for many reasons, not the least of which includes the expeditious closure of cases.” McBride v. Chevron U.S.A., 673 So.2d 372, 379 (Miss.1996) Coverruled on other grounds). In the present case, a settlement agreement was reached and then read into the record in front of the judge. The agreement detailed several pieces of property that were to be returned, and the parties agreed to make a more complete inventory at David’s property the next day. After the inventory was made at David’s property and the minor clerical changes made, the settlement agreement should have been carried out. There is no question that a settlement was agreed to in court on February 12, 2004: “It is elementary that when two parties come to a meeting of the minds, announce to the trial court that an agreement or settlement has been reached, and then recite the details of that agreement to the court on record, a settlement has been formed.” Carroll v. Henry, 798 So.2d 560, 561(¶ 5) (Miss.Ct.App.2001) (citations omitted). The order merely enforced a settlement agreement to which David had already agreed.
¶ 12. Therefore, David’s first point of error is rejected.

(2) Dismissal of Counterclaim

¶ 13. In his second point of error, David alleges that the court erred in dismissing his counterclaim. David’s basis for this point of error is identical to his first argument: he reasons that, because the “agreed” order was void, the matter is still pending before the court, and his counterclaim is therefore valid. Since we have already found that the order entered by the court does not constitute reversible error, we also find that there was no error in dismissing David’s counterclaim. David has provided no other grounds or reasoning under which the dismissal of his counterclaim was improper.
*836 ¶ 14. Therefore, David’s second point of error is rejected.

(3) Property and Contract Rights

¶ 15. In his third and final point of error, David alleges that his contract and property rights were impaired. As with his second point of error, David predicates this error on the basis of the agreed order. David reasons that because the order was void, his property rights were violated when the court dismissed his counterclaim for storage and towing fees. Since we have found that the entered order was not void and did not prejudice David’s rights, we find that there was no violation of David’s property or contract rights.
¶ 16. In the absence of further argument as to how the court erred, we reject David’s third point of error as well.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.

. The order was based on zoning ordinance violations. In short, Lars was maintaining a *834 scrap yard but could not do so legally. Therefore, all the items that were in violation of the zoning ordinance had to removed to David’s property.