# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2011

No. 10-60666
Summary Calendar

Lyle W. Cayce
Clerk

TAJUDIN JARALLAH,

Plaintiff-Appellant

v.

SODEXO, INCORPORATED; UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER; SCOTT MEESE; BONNIE BEARDSLEY; PATRICK MCGHEE;
JULIE WILLIAMS; JIM MCKEOWN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
(3:09-CV-180)

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tajudin JarAllah appeals the district court's order dismissing his case pursuant to a signed and executed settlement agreement and release. As JarAllah voluntarily settled the case and did not reserve a right to appeal the dismissal, we dismiss the appeal for want of jurisidiction.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] JarAllah also challenges the district court's order requiring him to post a supersedeas bond. A supersedeas bond is "[a]n appellant's bond to stay execution on a judgment during the

No. 10-60666

## I.

In February 2009, JarAllah, a citizen of Georgia, brought this action pro se in Mississippi state court challenging his termination by Defendant-Appellee Sodexo, Inc., (Sodexo), asserting various Mississippi employment discrimination, tort, and contract claims, as well as deprivation of due process. On March 25, 2009, Sodexo, a Delaware corporation with its principal place of business in Maryland, removed the case to federal court, asserting both diversity and federal question jurisdiction.

On April 6, 2009, JarAllah filed a motion to remand the case to state court, which asserted, in part, that his complaint brought claims arising only under Mississippi state law. On December 14, 2009, the district court denied JarAllah's motion to remand, concluding that diversity jurisdiction was satisfied because the Mississippi-resident defendants were not properly served in the case. The district court also determined that it was unclear whether federal question jurisdiction existed because it was difficult to tell whether the complaint, which referenced deprivations of due process but made no direct reference to any federal constitutional or statutory provision, raised a federal question.

On December 22, 2009, the district court ordered JarAllah to file a more definite statement of his claims. In response, on January 28, 2010, JarAllah filed a bill of particulars which asserted, among other claims, retaliation, discrimination, and deprivation of due process in violation of 42 U.S.C. §§ 1981 and 1983.

The parties negotiated the settlement of the case in June 2010. As part of the settlement agreement, JarAllah agreed, in exchange for $50,000 and a

---

pendency of the appeal." *Blacks Law Dictionary* 202 (9th ed. 2009). As this appeal is dismissed for lack of jurisdiction, and as JarAllah never posted a supersedeas bond, the issue is moot.

No. 10-60666

neutral letter of reference, to release all claims relating to his employment with and termination from Sodexo and to not file any additional legal proceedings. On July 6, 2010, JarAllah traveled to Mississippi and the parties consummated the settlement agreement in the magistrate's chambers. On the same day, the district court dismissed the case with prejudice, retaining jurisdiction only to enforce the settlement agreement.

On August 5, 2010, JarAllah filed a Notice of Appeal of the district court's order of dismissal. JarAllah has not returned the consideration for the settlement agreement.

## II.

JarAllah challenges the dismissal of this case on the ground that he did not knowingly and voluntarily execute the settlement agreement and release, but did so under duress. "Normally the release of federal claims is governed by federal law." *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994). Pro se complaints are to be construed liberally. *See Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Applying this liberal construction to JarAllah's pro se complaint, and taking into consideration his bill of particulars, it is evident that JarAllah has raised federal constitutional and statutory claims. Accordingly, federal law regarding the validity of settlement agreements and releases governs.

"In determining whether a release was knowingly and voluntarily executed, this court has adopted a 'totality of the circumstances' approach." *Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002). "Once a party establishes that his opponent signed a release that addresses the claims at issue, received adequate consideration, and breached the release, the opponent has the burden of demonstrating that the release was invalid because of fraud, duress, material mistake, or some other defense." *Williams*, 23 F.3d at 935. In

No. 10-60666

determining whether a former employee has met this burden, we examine the following factors:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of [the] plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Smith*, 298 F.3d at 441 (quoting *O'Hare v. Global Natural Res.*, 898 F.2d 1015, 1017 (5th Cir. 1990)). Additionally, under federal law, "[e]ven if a release is tainted by misrepresentation or duress, it is ratified if the releasor retains the consideration after learning that the release is voidable." *Williams*, 23 F.3d at 937.[2]

In the present case, it is clear that JarAllah has not met his burden of demonstrating that the settlement agreement is invalid. First, as JarAllah has retained the consideration for the release, he cannot now assert that the agreement was not voluntarily entered into. Additionally, JarAllah has competently litigated several cases pro se, and adeptly negotiated this clear and plain settlement agreement himself over a lengthy period of time. As part of the agreement, JarAllah acknowledged that he had been advised to consult with an attorney, that he had a reasonable opportunity to consider the agreement, and that he entered into the agreement freely and voluntarily. Accordingly, as settlement agreements are highly favored by the law and will be upheld whenever possible, JarAllah has not satisfied the difficult burden of showing that he did not voluntarily execute the agreement.

---

[2] *But see Bogy v. Ford Motor Co.*, 538 F.3d 352, 355 (5th Cir. 2008) (making *Erie* guess and holding that Mississippi law does not require a plaintiff to rescind proceeds of settlement agreement in order to pursue a damage claim for fraudulent inducement of settlement agreement).

No. 10-60666

Furthermore, even assuming that JarAllah's complaint raises only state claims, Mississippi law is likewise inhospitable to JarAllah's challenge to the settlement agreement. "[Mississippi] law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the Agreement which the parties have made, absent any fraud, mistake, or overreaching." *McManus v. Howard*, 569 So.2d 1213, 1215 (Miss. 1990) (citations omitted). Settlement agreements "are contracts, made by the parties, upon consideration acceptable to each of them, and the law will enforce them." *Id.*

> To constitute duress by threats the actor's manifestation must be made for the purpose of coercing the other; must have for its object the securing of undue advantage with respect to the other; must be of such a character that it is adapted to overpower the will of the other and is reasonably adequate for the purpose; must in fact deprive the other to act to his detriment.

*Estate of Davis v. O'Neill*, 42 So.3d 520, 525 (Miss. 2010) (quoting *Askew v. Askew*, 699 So.2d 515, 518 (Miss. 1997)).

JarAllah has simply made no showing that his agreement was reached by duress. There is no indication that any party threatened or coerced him, or obtained any undue benefit. JarAllah's only argument is that by dismissing the case upon consummation of the settlement agreement, rather than awaiting JarAllah's voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), the district court forced settlement upon him. We reject this argument for two reasons. First, the settlement agreement requires only that the case be dismissed, and does not specify a means of dismissal. Additionally, as the dismissal came after the consummation of the settlement agreement, it could not have coerced JarAllah to enter into the agreement.

No. 10-60666

## III.

Accordingly, as JarAllah voluntarily settled the entire action and did not reserve a right to appeal, we have no jurisdiction to hear this appeal. *Dugas v. Trans Union Corp.*, 99 F.3d 724 (5th Cir. 1996).

APPEAL DISMISSED.