CARLTON, J.,
for the Court:
¶ 1 Welch Roofing & Construction Inc. (Welch) appeals the Lincoln County Circuit Court’s order dismissing its case against Mary Joann Farina (Joann), Dr. Joseph Farina, and Railroad Investments LP. Welch argues that the circuit court abused its discretion, applied an erroneous legal standard, and committed manifest error in sustaining the second amended motion to dismiss of Joann, Joseph, and Railroad Investments as to Joann and Joseph. After reviewing the record, we affirm in part and reverse in part and remand the case to the Lincoln County Circuit Court for further proceedings consistent with this opinion.
FACTS
¶ 2 On May 31, 2007, Welch filed a complaint styled “Complaint to Enforce Construction Lien” against Joann and Joseph. In its complaint, Welch alleged as follows:
COMES now the Plaintiff, Welch Roofing & Construction, Inc. and files this [cjomplaint against Defendants, Mary Joann Farina and husband, Joseph Farina, M.D., and would state in support thereof the following:
[[Image here]]
2. On or about August 15, 2006, Plaintiff and Defendants verbally agreed to the renovation and repair [of] the roof on Defendant Mary Joann Farina’s building located at 303 North Jackson Street, Brookhaven, Mississippi, by Plaintiff on the basis of $68,000 base contract, plus labor and materials for other work and repairs discovered during roof repair.
3. At all times during the repair of said building, Plaintiff performed all work and services at the direction and instructions of Defendants.
4. Plaintiff has performed work on said building in a total amount of SEVENTY ONE THOUSAND FOUR HUNDRED FIFTEEN AND NO/100 — DOLLARS ($71,415), plus tax in the amount of $2,415; that because of Defendants’ refusal to pay Plaintiff, Plaintiff has incurred late fees on payment of material in the amount of $3,501.55, as of February 28, 2007, which said amount continues to accrue; that Defendants gave Plaintiff a check for $10,000 that was *276 returned to Plaintiff unpaid by Defendants’ bank, resulting in overdraft charges in the amount of $432; that Defendants have only paid Plaintiff the sum of TWENTY THOUSAND AND NO/lOO — DOLLARS ($20,000) for a balance owed of FIFTY SEVEN THOUSAND SEVEN HUNDRED SIXTY THREE AND 55/100 — DOLLARS ($57,763.55), as of February 28, 2007; that the unpaid balance bears interest at the rate of 1 1/2 percentum per month from and after January 30, 2007.
5. Plaintiff has filed a construction lien on said property as recorded in Construction Lien Book 4, at Page 566[.]
6. Plaintiff has requested payment from Defendants but Defendants have refused to pay the amount owed.
7. Plaintiff further requests that the [cjourt enter an order awarding unto Plaintiff, damages in the amount of FIFTY SEVEN THOUSAND SEVEN HUNDRED SIXTY THREE AND 55/100 — DOLLARS ($57,763.55), as of February 28, 2007[] together with damages and interest accruing after January 30, 2007, and further awarding foreclosure of the construction lien recorded in Book 4, at Page 566, in the Construction Lien Records at the office of the Chancery Clerk of Lincoln County, Mississippi, and awarding Plaintiffs attorney[’]s fees and other costs of pursuing this action in accordance with law. THEREFORE, PLAINTIFF BRINGS THIS ITS SUIT AND DEMANDS JUDGMENT of, from and against Defendants, both jointly and severally, in the amount of FIFTY SEVEN THOUSAND SEVEN HUNDRED SIXTY THREE AND 55/100 — DOLLARS ($57,763.55), as of February 28, 2007, together with damages and interest accruing after January 30, 2007[,] and further awarding foreclosure of the construction lien recorded in Book 4, at Page 566, in the Construction Lien Records at the office of the Chancery Clerk of Lincoln County, Mississippi, and awarding Plaintiffs attorney[’]s fees and other costs of pursuing this action in accordance with law.
(Emphasis added).
¶ 3 According to the circuit court’s order of dismissal, Welch served Joann and Joseph with process on June 12, 2007. On July 9, 2007, Wayne Smith filed an entry of appearance as counsel for Joann and Joseph and a motion for additional time in which to file a response.
¶ 4 On August 18, 2008, Welch filed an “Amended Complaint to Enforce Construction Lien.” The amended complaint repeated the allegations of the first complaint, and the amended complaint added Railroad Investments as a defendant. The amended complaint stated that on or about November 9, 2006, Joann conveyed the property at issue to Railroad Investments by warranty deed. Welch then served process upon Railroad Investments in late July or early August 2010.[1]
¶ 5 After process was served, Railroad Investments filed a series of motions, the last of which was joined by Joann and Joseph, requesting a dismissal of the case for failure to serve process upon Railroad Investments within 120 days after the filing of the amended complaint. The Cir- *277 euit Court of Lincoln County heard oral argument, and on August 1, 2011, the court entered an order dismissing Welch’s case. Welch now appeals.
STANDARD OF REVIEW
¶ 6 “When reviewing a trial court’s grant or denial of a motion to dismiss, this Court employs a de novo standard of review.” Lucas v. Baptist Mem’l Hosp.-N. Miss., Inc., 997 So.2d 226, 229 (¶ 5) (Miss. Ct.App.2008). In this case, the circuit court granted the defendants’ second amended motion to dismiss. In so doing, the circuit court considered the motion in the light most favorable to Welch, the plaintiff. The record shows that matters outside of the pleadings were presented to the circuit court.[2] Therefore, upon review, we shall treat the motion as a motion for summary judgment. See EMJ Cotp. v. Contract Steel Constr., Inc., 81 So.3d 295, 298 (¶ 9) (Miss.Ct.App.2012) (recognizing that appellate courts utilize a de novo standard of review when considering a trial court’s grant or denial of a motion for summary judgment).
DISCUSSION
¶ 7 Welch argues that the trial court abused its discretion, applied an erroneous legal standard, and committed manifest error in sustaining the motion to dismiss as to Joann and Joseph. Welch raises no dispute that more than 120 days passed between the filing of the amended complaint on August 18, 2008, and service of process upon Railroad Investments on July 19, 2010, exceeding the time period allowed by Rule 4(h) of the Mississippi Rules of Civil Procedure. Welch, however, contends that the circuit court erred in dismissing the complaint as to all defendants.
¶ 8 Rule 4(h) provides:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
M.R.C.P. 4(h).
¶ 9 “Thus, Rule 4(h) provides that a complaint will be dismissed only if the plaintiff cannot show good cause for failing to serve process within 120 days.” Stutts v. Miller, 37 So.3d 1, 4 (¶ 9) (Miss.2010). The Mississippi Supreme Court has found that “a plaintiff attempting to establish ‘good cause’ must show ‘at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.’ ” Id. (quoting Holmes v. Coast Transit Auth., 815 So.2d 1183,1186 (¶ 11) (Miss.2002)).
¶ 10 After reviewing the record, we find no abuse of discretion in the circuit court’s dismissal of Welch’s claims pertaining to the enforcement of the construction lien. The original complaint, filed on May 31, 2007, failed to name the proper real party in interest, Railroad Investments.[3]
*278 ¶ 11 A “real party in interest” is defined as a
[p]erson who will be entitled to the benefits of action if successful, that is, the one who is actually and substantially interested in subject matter as distinguished from one who has only a nominal, formal, or technical interest in or connection with it. Under the traditional test, a party is a “real party in interest” if it has the legal right under the applicable substantive law to enforce the claim in question.
Sneed v. Ford Motor Co., 735 So.2d 306, 313 (¶21) (Miss.1999) (quoting Black’s Law Dictionary 874 (6th ed.1990)). See also M.R.C.P. 17(a). The amended complaint, which properly named Railroad Investments as a defendant, was not filed until August 18, 2008. The amended complaint was time-barred by Mississippi Code Annotated section 85-7-141 (Rev. 2011) because the amended complaint was not served on Railroad Investments until after the statute of limitations had expired, and the second complaint failed to relate back to the filing of the initial complaint. The circuit court explained in its order as follows:
Any and all claims were made pursuant to [section] 85-7-141, and allege a debt due and payable by the defendants to the plaintiff for work performed on the hospital.
The original Complaint to Enforce Construction Lien was filed in the Circuit Court of Lincoln County against Mary Jo[a]nn Farina and Joseph Farina, M.D. on or about May 31, 2007. The original complaint failed to list any unknown or fictitious parties in interest, as provided for by [Mississippi Rule of Civil Procedure] 9(h) or 9(i), and failed to sue the proper party, Railroad Investments, LP.
The Second Amended Construction Lien, naming Railroad Investments, LP, was not filed until August 18, 2008, and was therefore time[-]barred by [section] 85-7-141, unless the Second Amended Complaint relates back to the original complaint pursuant to [Mississippi Rule of Civil Procedure] 15(c), and the [c]ourt finds that the Second Amended Complaint does not relate back because service was not had for over two years after the Second Amended Complaint was filed.
Therefore, due to the lack of timely service, the amended complaint fails to relate back to the original complaint.[4] The record reflects that Welch failed to establish good cause for not timely serving Railroad Investments, and we review the circuit court’s finding as to whether good cause existed for failure to timely serve process utilizing an abuse-of-discretion standard of review. See Stutts, 37 So.3d at 3 (¶ 7) (The appellate court “leaves to the discretion of the trial court the finding of fact on the existence of good cause or excusable neglect for delay in serving process under Rule 4(h).”).
¶ 12 However, we find that Welch’s breach-of-contract claims in the original complaint named the proper real parties in interest, Joann and Joseph, since they were the alleged breaching parties to the contract. See M.R.C.P. 17(a). “[Hinder the liberal pleading requirements of Rule 8(a) of the Mississippi Rules of Civil Procedure, a plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.” Scott v. City of Goodman, 997 So.2d 270, 276 (¶ 14) (Miss. Ct.App.2008). “However, the pleadings need only ‘provide sufficient notice to the *279 defendant of the claims and grounds upon which relief which is sought.’ ” Id. (citation omitted). Welch acted in accordance with these notice pleading requirements in drafting its breach-of-contract claims in the original complaint.[5] Further, service of process of the original complaint was completed in a timely manner on both Joann and Joseph in accordance with Rule 4(h). Thus, the circuit court erroneously dismissed Welch’s breach-of-contract claims against Joann and Joseph.
CONCLUSION
¶ 13 For the reasons stated, we affirm the circuit court’s judgment in part and reverse and remand in part for further proceedings consistent with this opinion.
¶ 14 THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Welch submits that service of process on Railroad Investments was completed on July 19, 2010. Similarly, the circuit court’s order of dismissal notes that process was served on Railroad Investments on July 19, 2010. Joann, Joseph, and Railroad Investments contend that process was served on Railroad Investments in late July or early August 2010. Joseph, Joann, and Railroad Investments note, however, that the record is silent as to whether a copy of the amended complaint was delivered to their attorney.

. Welch attached several exhibits to its "Memorandum in Opposition to Defendants’ Second Amended Motion to Dismiss," including the November 9, 2006 warranty deed.

. With respect to the construction lien, Railroad Investments was the proper party in interest at the time Welch filed the original complaint. As noted by the circuit court in its order, Joann conveyed the property at issue to Railroad Investments on November 9, 2006, prior to the filing of the original complaint.

. See M.R.C.P. 15(c).

. "Only those who are parties to a contract may be held liable for a breach of that contract.” Beacon Syracuse Assocs. v. City of Syracuse, 560 F.Supp. 188, 201 (N.D.N.Y. 1983).