# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-00398-SCT

*MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC.,*
*BAPTIST MEDICAL CENTER - LEAKE, INC.,*
*DAVID MOODY, M.D. AND MADDEN MEDICAL*
*CLINIC, PLLC*

*v.*

*SYLVIA DIANNE HARKINS AND REGGIE*
*HARKINS*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/2016 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | MICHAEL T. JAQUES |
| | BOBBY L. DALLAS |
| | C. MAISON HEIDELBERG |
| | GINNY Y. KENNEDY |
| | D. COLLIER GRAHAM, JR. |
| | ALICIA S. HALL |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | D. COLLIER GRAHAM, JR. |
| | CHARLES E. COWAN |
| | GINNY Y. KENNEDY |
| | C. MAISON HEIDELBERG |
| ATTORNEYS FOR APPELLEES: | MICHAEL T. JAQUES |
| | BOBBY L. DALLAS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED AND REMANDED - 02/15/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

*BAPTIST MEDICAL CENTER - LEAKE, INC.,*
*MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC.,*
*DAVID MOODY, M.D. AND MADDEN MEDICAL*
*CLINIC, PLLC*

*v.*

*SYLVIA DIANNE HARKINS AND REGGIE*
*HARKINS*

DATE OF JUDGMENT: 02/26/2016
TRIAL JUDGE: HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS: D. COLLIER GRAHAM, JR.
CHARLES E. COWAN
GINNY Y. KENNEDY
C. MAISON HEIDELBERG
ATTORNEYS FOR APPELLEES: MICHAEL T. JAQUES
BOBBY L. DALLAS
JENNIFER P. BURKES
NATURE OF THE CASE: CIVIL - MEDICAL MALPRACTICE
DISPOSITION: AFFIRMED AND REMANDED - 02/15/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.    In August 2014, Dianne and Reggie Harkins filed suit in the Circuit Court of the First

Judicial District of Hinds County, alleging that the direct and proximate negligence of

multiple healthcare providers located in Leake County and Hinds County resulted in, among

other problems, the amputation of Dianne Harkins's hands and feet. In January 2015,

Madden Medical Clinic, PLLC (Madden Medical) and David Moody, M.D. (Dr. Moody) filed a motion to dismiss or, alternatively, for severance and transfer of venue to the Circuit Court of Leake County. Shortly thereafter, Baptist Medical Center-Leake, Inc. (BMC-Leake) and Mississippi Baptist Health Systems, Inc. (Baptist Health) filed a motion also to dismiss or transfer venue to the Circuit Court of Leake County.[1] A hearing was held on April 16, 2016. On February 26, 2016, the Circuit Court of the First Judicial District of Hinds County entered an order denying the motions of Dr. Moody, Madden Medical, BMC-Leake, and Baptist Health to dismiss or, in the alternative, to transfer venue. The parties appealed, collectively filing two interlocutory appeals, and both appeals were granted and consolidated.

¶2. The Court holds Section 11-11-3(3) to be clear and unambiguous. Under the plain language of Section 11-11-3(3), venue is proper for the properly joined defendants in Hinds County or Leake County, and the judgment of the trial court is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶3. On March 11, 2013, Dianne Harkins arrived at the BMC-Leake emergency room at approximately 3:50 p.m. and complained of right flank pain. From 3:51 p.m. until 7:00 p.m., Harkins's blood pressure declined and her heart rate increased. That evening, a CT scan showed moderate to severe hydronephrosis, a dilated ureter, and the probable presence of calcifications in the right ureter. The emergency-room physician then admitted Harkins to the hospital to the care and service of Dr. Moody.

---

[1]Baptist Medical Center in Hinds County did not join the motions or file its own motion; therefore, it is not a party to the instant appeal.

¶4. Dr. Moody evaluated Harkins at approximately 7:15 a.m. on March 12, 2013. After Harkins's vital signs were taken and noted at 7:48 a.m., Dr. Moody was notified of Harkins's declining condition, and he ordered medications to be administered. By 10:30 a.m., Harkins's blood pressure had dropped to 67/31. After being notified of Harkins's condition, Dr. Moody saw Harkins at approximately 10:50 a.m. At 11:15 a.m., Dr. Moody ordered Harkins to be transferred via air ambulance to Mississippi Baptist Medical Center in Jackson. Harkins was transferred at approximately 12:25 p.m. Dr. Moody's discharge summary reflected that Harkins was transferred with hydronephrosis and shock.

¶5. Harkins arrived at Mississippi Baptist Medical Center in Jackson at approximately 1:10 p.m., and she was admitted to the emergency room. Harkins was prescribed antibiotics at 2:13 p.m. The complaint alleges that Harkins was not given antibiotics until 3:00 and/or 3:45 p.m. Harkins was then admitted to Baptist Medical Center's critical care unit with acute respiratory failure, hypotension, sepsis, septic shock, acidemia, pneumonia, renal failure syndrome, and urethral stone with urosepsis. Harkins developed more complications during her stay in the critical care unit which culminated in the development of gangrene in Harkins's hands and feet. Due to the development of gangrene, both Harkins's hands and feet were amputated.

¶6. On August 29, 2014, based on the events described above, Harkins filed a medical-malpractice suit. Harkins's husband, Reggie Harkins, also brought a claim for loss of consortium. In January 2015, Madden Medical and Dr. Moody filed a motion to dismiss or, alternatively, to sever and transfer venue to Leake County. Thereafter, BMC-Leake and

4

Baptist Health also filed a motion to dismiss or transfer to Leake County. In their respective motions, each party cited Mississippi Code Section 11-11-3(3), arguing that Leake County is the only proper venue for each of them based on the facts.

¶7. On February 26, 2016, the Hinds County Circuit Court entered an order denying the motions of Dr. Moody, Madden Medical, BMC-Leake, and Baptist Health (collectively, "Leake County Appellants") to dismiss or, in the alternative, to transfer venue. Aggrieved by the denied motions to dismiss or transfer, the Leake County Appellants filed interlocutory appeals.[2] This Court granted each appeal and consolidated the appeals.[3]

## STATEMENT OF ISSUES

¶8. The briefs that the parties and friends of the Court have filed each set forth their rendition of the issue or issues. For clarity and conciseness, the Court has consolidated the issues into one issue with two subsections. Because the Court holds the single issue and two subsections to be case-dispositive of all additional issues brought before the Court and aptly argued during oral argument, the additional issues are not addressed.

---

[2]Madden Medical and Dr. Moody collectively filed one appeal, and BMC-Leake and Baptist Health collectively filed the other appeal.

[3]Mississippi State Medical Association, Mississippi Hospital Association, Mississippi Dental Association, Mississippi Health Care Association, and Mississippi Nurses Association collectively filed an *amici curiae* brief in support of the Leake County Appellants. Further, The Mississippi Association for Justice filed an *amicus curiae* brief in support of the Harkinses.

**Whether, under Mississippi Code Section 11-11-3(3), the malpractice allegations against all the medical defendants may be brought in Hinds County, when the alleged malpractice occurred in Hinds County and in Leake County.**

> **(a)  Whether Mississippi Code Section 11-11-3(3) is plain and unambiguous.**

> **(b)  Whether Mississippi Code Section 11-11-3(3) prevents joinder.**

## STANDARD OF REVIEW

¶9.    The Court reviews "a trial court's grant or denial of a motion for change of venue for an abuse of discretion, but questions of law, such as interpretation of the general venue statute, are reviewed *de novo*." ***Laurel Ford Lincoln-Mercury, Inc. v. Blakeney***, 81 So. 3d 1123, 1125 (Miss. 2012) (emphasis in original) (citing ***Hedgepeth v. Johnson***, 975 So. 2d 235, 237 (Miss. 2008)).

## ANALYSIS

**Whether, under Mississippi Code Section 11-11-3(3), the malpractice allegations against all the medical defendants may be brought in Hinds County, when the alleged malpractice occurred in Hinds County and in Leake County.**

¶10.    The Harkinses do not dispute that all the alleged malpractice on the part of the Leake County Appellants occurred in Leake County, not in Hinds County.  The issue of venue, however, arises under Section 11-11-3(3) because additional alleged malpractice occurred in Hinds County by Mississippi Baptist Medical Center.  The Harkinses argue that the malpractice in both counties created one injury that prevents the separate alleged acts of malpractice from being severable.  The Leake County Appellants argue the alleged medical

6

negligence in Hinds County should be severed, and venue as to them is appropriate in Leake County alone. Our analysis rests on Section 11-11-3(3), and for the below-detailed reasons, we affirm the trial court judgment.

        **(a)      Whether Mississippi Code Section 11-11-3(3) is plain and unambiguous.**

¶11. The Leake County Appellants argue that the language of the statute is plain and unambiguous, providing that the only proper venue for a suit against a medical provider is the county in which the alleged act or omission occurred. Without stating whether the statue is clear or ambiguous, the Harkinses argue that Section 11-11-3(3) limits the plaintiffs' venue choices to a county in which the alleged acts or omissions of medical malpractice occurred.

¶12. The Court's role "is not to decide what a statute should provide, but to determine what it does provide." *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011). The Court examines the statute and linguistic choices as a whole, not looking to the words in isolation. *Miller v. French*, 530 U.S. 327, 340, 120 S. Ct. 2246, 2255, 147 L. Ed. 2d 326 (2000); *In re Settoon Towing, L.L.C.*, 859 F.3d 340, 345 (5th Cir. 2017). "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Lawson*, 75 So. 3d at 1027. On the other hand, if a statute is "ambiguous or silent," statutory interpretation is warranted. *Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid*, 21 So. 3d 600, 607 (Miss. 2009).

¶13. Mississippi Code Section 11-11-3, in pertinent part, provides:

7

(1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

(ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.

(b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

. . .

(3) Notwithstanding subsection (1) of this section, any action against a licensed physician, osteopath, dentist, nurse, nurse-practitioner, physician assistant, psychologist, pharmacist, podiatrist, optometrist, chiropractor, institution for the aged or infirm, hospital or licensed pharmacy, including any legal entity which may be liable for their acts or omissions, for malpractice, negligence, error, omission, mistake, breach of standard of care or the unauthorized rendering of professional services shall be brought *only in the county in which the alleged act or omission occurred*.

Miss. Code Ann. § 11-11-3 (Rev. 2004) (emphasis added). The instant version of Section 11-11-3 is a product of the 2004 amendment. Prior to 2004, no special venue distinction existed for medical-malpractice suits. H.B. 13, 2004 Leg., 1st Exec. Sess. (Miss. 2004).

¶14. The dispute here revolves around the understanding of the word "only" in subsection three. "All words and phrases contained in the statutes are used according to their common and ordinary acceptation and meaning; but technical words and phrases according to their technical meaning." Miss. Code Ann. § 1-3-65 (Rev. 2014); *see also* **Lawson**, 75 So. 3d at 1028. To determine whether the meaning of "only" is plain and unambiguous, the Court

8

evaluates the statute and linguistic choices as a whole, beginning our analysis with subsection one. *Miller*, 530 U.S. at 340; *In re Settoon Towing, L.L.C.*, 859 F.3d at 345.

¶15.    Subsection one addresses venue for general civil litigation and states that the action shall be commenced: (1) "in the county where the defendant resides," (2) "in the county of its principal place of business" "if a corporation," (3) "in the county where a substantial alleged act or omission occurred," (4) "where a substantial event that caused the injury occurred," (5) "in the county where the plaintiff obtained the product" if alleging a "defective product." Miss. Code Ann. § 11-11-3(1)(a)(i)-(ii).   Further, for products liability actions, Section 11-11-3(1)(b) allows the plaintiff to commence an action "in the county where the plaintiff resides or is domiciled" if the defendant is a nonresident. Miss. Code Ann. § 11-11-3(1)(b).

¶16.    When deciding where to file an action, the plaintiff may have more than one county from which to pick. *Am. Home Prods. Corp. v. Sumlin*, 942 So. 2d 766, 769 (Miss. 2006) ("Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no factual basis for the claim of venue.").   However, "in the county where the defendant resides" could provide the plaintiff *two different possible and proper venues* when there is more than one defendant.   Thus, because each venue option listed in the paragraph above may define more than one county, they are best described as venue *categories*.  Subsection one contains six possible venue categories, and depending on the facts of each case, even more possible proper venue counties.

9

¶17. Subsection two addresses venue for cases with more than one plaintiff. Miss. Code Ann. § 11-11-3(2). Subsection four addresses the doctrine of *forum non conveniens*. Miss. Code Ann. § 11-11-3(4). For our analysis, subsections two and four are not pertinent.

¶18. Moving to subsection three, first we encounter the following: "Notwithstanding subsection (1) of this section . . . ." Miss. Code Ann. § 11-11-3(3). The dissent argues that "notwithstanding" means we should not look to subsection one. In essence, we should consider subsection three in isolation. We respectfully disagree. "Notwithstanding" ensures that subsection one does not define or allow additional venues for medical-malpractice cases. *Adams v. Baptist Mem'l Hosp.-DeSoto, Inc.*, 965 So. 2d 652 (Miss. 2007) ("The presence of medical providers in [an] action renders subsection (1) inapplicable, as the 'notwithstanding' language of subsection (3) negates the language of subsection (1).").[4] However, despite the "notwithstanding" language, Section 11-11-3 was written as one statute. To read "notwithstanding" to mean we are restrained to look only to subsection three in isolation prevents us from considering the linguistic choices as whole, which are crucial to reading the plain language in subsection three. *See Miller*, 530 U.S. at 340; *In re Settoon Towing, L.L.C.*, 859 F.3d at 345.

¶19. Subsection three then goes on to list specific types of medical providers and the types of claims that may be brought. *See* Miss. Code Ann. § 11-11-3(3). It then states the venue language at issue. It states that the action "shall be brought only in the county in which the

---

[4]Although the meaning of "notwithstanding" was addressed in *Adams*, *Adams* is distinguishable from the instant case because, unlike here, *Adams* addressed venue for a medical and a nonmedical defendant. *Adams*, 965 So. 2d at 652.

10

alleged act or omission occurred." Miss. Code Ann. § 11-11-3(3). Unlike subsection one, subsection three contains one single or sole venue category for medical malpractice—"the county in which the alleged act or omission occurred." *Id.* Thus, "only" defines the sole *category* to determine the venue for a medical-malpractice action. The question now becomes whether the singularity of the category confines the venue choice to one county.

¶20. The Legislature has stated: "Words used in the singular number only, either as descriptive of persons or things, shall extend to and embrace the plural number; and words used in the plural number shall extend to and embrace the singular number, except where a contrary intention is manifest." Miss. Code Ann. § 1-3-33 (Rev. 2014). Therefore, as long as there is no manifest contrary intention, the statutory language also can be read as stating that the action "shall be brought only in the count[ies] in which the alleged act[s] or omission[s] occurred." *See* Miss. Code Ann. § 11-11-3(3).

¶21. To determine if there is a manifest contrary intention, the Court looks to subsection one. Subsection one provides in pertinent part:

> (1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced *in the county* where the defendant resides, or, if a corporation, *in the county* of its principal place of business, or *in the county* where a substantial alleged *act* or *omission* occurred or where a substantial *event* that caused the injury occurred.
>
> > (ii) Civil actions alleging a defective product may also be commenced *in the county* where the plaintiff obtained the product.
>
> > (b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced *in the county* where the plaintiff resides or is domiciled.

11

Miss. Code Ann. § 11-11-1 (emphasis added). The language illustrates that subsection one similarly contains words in the singular form when referring to "the county" in which suit may be filed and the "act or omission" or "event" that occurred. *Id.* Further, as stated above, for each category, plaintiffs falling under subsection one may choose from more than one county for proper venue. ***Sumlin***, 942 So. 2d 769 ("Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no factual basis for the claim of venue."). Therefore, the Court holds there is no manifest contrary intention to keep the language singular in Section 11-11-3(3), and under case-specific facts, subsection three may take the plural form.

¶22. It is foreseeable that the Court could be faced with a scenario in which the same doctor committed malpractice on the same defendant in more than one county. Under the instant reading of the statute, all the counties would satisfy the single category defined in Section 11-11-3(3). However, if the Court were to adopt the Leake County Appellants' and the dissent's reading of the statute, the plaintiff would have to file a suit against the same doctor in each and every county where the doctor committed malpractice . This simply does not comport with any plain or logical reading of the language of Section 11-11-3(3).

¶23. Thus, considering that our role is to determine what a statute does provide, Section 11-11-3(3) plainly and unambiguously provides that where both defendants are private medical defendants and where an act or omission occurred in both counties forming an indivisible injury, both counties satisfy the single category defined within Section 11-11-3(3).

The issue now becomes whether Section 11-11-3(3) prevents joinder of the two medical defendants.

**(b)     Whether Mississippi Code Section 11-11-3(3) prevents joinder.**

¶24.    The Leake County Appellants argue that joinder under Rule 20 does not cure improper venue because if joinder was allowed, a Leake County Appellant—who committed all its alleged acts or omissions in Leake County—would be brought into court in Hinds County. Dr. Moody and Madden Medical specifically point to *Adams*, 965 So. 2d 657, to argue that cases involving "a medical malpractice defendant and another defendant" are "only appropriate in the county where the alleged malpractice occurred." Further, they argue that difficulty in splitting up fault and damages is not a reason to allow joinder and disregard venue.

¶25.    On the other hand, the Harkinses argue that, because both defendants are medical providers, there is no mandated legislative priority of venue; both defendants fall equally under Section 11-11-3(3), and the joinder provisions of Rule 20 and Rule 82 should be similarly read to fix venue in either county that satisfies the priority-venue requirements of Section 11-11-3(3). Further, the Harkinses state that if the case is severed, complete relief cannot be accorded.

¶26.    Section 11-11-3(1) has not been construed to prevent permissive joinder under Rule 20 of the Mississippi Rules of Civil Procedure or application of Rule 82(c) of the Mississippi Rules of Civil Procedure. It is an issue of first impression[5] for the Court whether Section 11-

---

[5]The Leake County Appellants place great weight on *Adams*. *Adams*, 965 So. 2d at

13

11-3(3) allows permissive joinder under Rule 20 of the Mississippi Rules of Civil Procedure and application of Rule 82(c) of the Mississippi Rules of Civil Procedure where both defendants are medical providers.

¶27.   Rule 20(a) of the Mississippi Rules of Civil Procedure allows permissive joinder.  It states in pertinent part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Miss. R. Civ. P. 20(a).  Rule 82(c) of the Mississippi Rules of Civil Procedure states: "Where several claims or parties have been properly joined, the suit may be brought in any county in which any one of the claims could properly have been brought." Miss. R. Civ. P. 82(c).

¶28.   As explained above, the existence of one *category* for venue is different from the existence of one *county* for venue, and two counties may satisfy the only category for determining venue.  Therefore, where two medical defendants fall within the same category, the Court holds that Section 11-11-3(3) does not contain any language preventing permissive joinder under Rule 20.  Further, the plain language does not prevent the application of Rule 82(c).  Turning to the instant case, the Leake County Appellants and Baptist Medical Center

---

652. However, despite the weight placed on ***Adams***, the issue here still is an issue of first impression because ***Adams*** dealt with a medical and a *nonmedical* defendant. ***Id.***

14

in Hinds County satisfy the only category for venue, albeit in different counties. Therefore, they have been joined properly, and due to the proper joinder of the Leake County Appellants and Baptist Medical Center, the claim can be brought in either of the two counties, under Rule 82(c).

¶29. It is worth noting that, unlike here, in the Mississippi Tort Claims Act, the Legislature specifically noted that joinder of nongovernmental entities should not change the venue of a party falling under the Act. *See* Miss. Code Ann. § 11-46-13(2) (Rev. 2012). Section 11-46-13 states in pertinent part, "The venue specified in this subsection shall control in all actions filed against governmental entities, *notwithstanding that other defendants which are not governmental entities may be joined in the suit*, and notwithstanding the provisions of any other venue statute that otherwise would apply." *Id.* (emphasis added). Thus, despite joinder, if the Legislature wanted to limit the defendants in the instant suit to the county in which each respective alleged act or omission took place, the Legislature could have done so as it did in Section 11-46-13.

¶30. In summation, the Court reads Section 11-11-3(3) in harmony with Rules 20 and 82(c)of the Mississippi Rules of Civil Procedure. Due to the permissive joinder of the Leake County Appellants and Baptist Medical Center, the claim can be brought in either of the two counties. Further, because the Court holds that the plain language allows permissive joinder, the Court will not address the additional arguments put forth by the parties regarding compulsory joinder, including claim and issue preclusion.

CONCLUSION

¶31.    The Court affirms the judgment of the trial court and holds Section 11-11-3(3) to be plain and unambiguous.   Under the instant facts, the Harkinses are allowed to choose between the two counties, as both counties satisfy the categorical requirement contained in Section 11-11-3(3) and both defendants are properly joined.

¶32.    **AFFIRMED AND REMANDED.**

        **WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, BEAM AND ISHEE, JJ., CONCUR.  COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MAXWELL, J.**

        **COLEMAN, JUSTICE, DISSENTING:**

¶33.    The Legislature sets venue for civil actions in Mississippi.  Whether the Supreme Court sees wisdom or folly in the statute passed by the Legislature, we are constrained by the Constitution to follow it unless it is unconstitutional beyond a reasonable doubt.   In Mississippi Code Section 11-11-3(3), the law of Mississippi requires venue in medical malpractice actions against a given caregiver to be set in the county in which the negligence alleged against the caregiver occurred.  Because the majority's holding today departs from the law as set by the Legislature, I, with respect, dissent.

¶34.    Statutes establish venue.  ***Salts v. Gulf Nat'l Life Ins. Co.***, 743 So. 2d 371, 373 (¶ 7) (Miss. 1999); ***Bd. of Trustees of State Inst. of Higher Learning v. Van Slyke***, 510 So. 2d 490, 492 (Miss. 1987).  The statute governing the venue issue in the case *sub judice* reads as follows:

> Notwithstanding subsection (1) of this section, any action against a licensed physician, osteopath, dentist, nurse, nurse-practitioner, physician assistant,

16

> psychologist, pharmacist, podiatrist, optometrist, chiropractor, institution for the aged or infirm, hospital or licensed pharmacy, including any legal entity which may be liable for their acts or omissions, for malpractice, negligence, error, omission, mistake, breach of standard of care or the unauthorized rendering of professional services shall be brought only in the county in which the alleged act or omission occurred.

Miss. Code Ann. § 11-11-3(3) (Rev. 2004). "When interpreting a statute that is not ambiguous, this Court will apply the plain meaning of the statute." *Pitalo v. GPCH-GP, Inc.*, 933 So. 2d 927, 929 (¶ 5) (Miss. 2006). To determine the plain meaning, "we must look at the words of the statute." *Adams v. Baptist Mem'l Hosp.-DeSoto, Inc.*, 965 So. 2d 652, 656 (¶ 21) (Miss. 2007).

¶35. The effect of the above-quoted statute is straightforward and clear. An action sounding in medical negligence against a given caregiver may be brought *only* in the county in which the alleged negligent act or omission occurred. When the Hinds County Circuit Court denied the Leake County defendants' motion to transfer venue of the claims against them, it allowed the claim for negligent acts alleged to have occurred in Leake County to proceed in a county *other* than the one where the alleged acts or omissions took place, *i.e.*, Hinds County. The court's denial of the motion contradicted Section 11-11-3(3)'s clear directive.

¶36. It is a "fundamental rule of our sovereignty" that "the legislature has the power to enact any law it sees fit, be it sincere or hypocritical, moral or immoral, wise or foolish, beneficial or harmful, provided it does not violate the prohibitions of the State or Federal Constitution." *State v. Wood*, 187 So. 2d 820, 827 (Miss. 1966). I share many of the concerns raised by the plaintiffs that arise from a statute that requires plaintiffs to split their

17

causes of action, which if they sounded in another area of law would be tried together, between two different venues. However, those policy concerns and the ill effects, if any, of poor policy decisions that fall within the legislative prerogative cannot be our concern when the effect of the statute in question is clear and no questions regarding its constitutionality are raised. In effect, if the Legislature has spoken, the nine lawyers sitting on the Mississippi Supreme Court, pursuant to our constitutional separation of powers, must listen absent a concern over the constitutional validity of a statute. "The function of the Court is not to decide what a statute should provide, but to determine what it does provide." *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (¶ 7) (Miss. 2011). Again, no party to the instant case has challenged the constitutionality of Section 11-11-3(3).

¶37.  The majority reaches its holding, *i.e.*, that the venue statute allows plaintiffs to bring suit in Hinds County against the defendants whose alleged negligence occurred in Leake County, in part by interpreting it in light of Section 11-11-3(1). (Maj. Op. at ¶¶ 15-19). However, the Legislature explicitly included in Subsection 3 that it applies "[n]otwithstanding" subsection 1. The majority also relies on Mississippi Code Section 1-3-33 for the proposition that the Legislature itself has authorized courts to construe singular nouns as plural and plural as singular "as long as there is no contrary intention." (Maj. Op. at ¶20). As applied to Section 11-11-3(3), the Legislature made its contrary intent crystal clear when it added the word "only." An action against a physician "shall be brought *only* in the county in which the alleged act or omission occurred." Miss. Code Ann. § 11-11-3(3)

(Rev. 2004) (emphasis added).  In my opinion, the word "only" manifests the intention that the word "county" hold its singular form.

¶38.    For the foregoing reasons, I would reverse and remand with instructions for the trial court to sever the claims against the Leake County defendants and transfer them to Leake County.

**MAXWELL, J., JOINS THIS OPINION.**