# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00868-COA

**MARSHALL WILLIAM HERRIN**                                                    **APPELLANT**

**v.**

**LACEY NICOLE PERKINS, INDIVIDUALLY**                               **APPELLEE**
**AND AS NEXT FRIEND OF K.W.H.**

DATE OF JUDGMENT:                05/14/2018
TRIAL JUDGE:                          HON. HAYDN JUDD ROBERTS
COURT FROM WHICH APPEALED:   RANKIN COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:       M. JUDITH BARNETT
ATTORNEYS FOR APPELLEE:        KATRINA M. BIBB GIBBS
NATURE OF THE CASE:              CIVIL - DOMESTIC RELATIONS
DISPOSITION:                         AFFIRMED - 08/13/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.

### McDONALD, J., FOR THE COURT:

¶1.     Lacey Perkins sued Marshall Herrin for contempt for his failure to pay daycare expenses for his minor child, K.W.H.,[1] and a court-ordered attorney's fee. In his answer, Herrin sought a modification of the original order. After a hearing, the Rankin County Chancery Court found Herrin in contempt of court and granted a temporary modification of Herrin's child-support obligations. Herrin appeals the chancery court's order. We find no error and affirm. Further, we deny Perkins's request for appellate attorney's fees without prejudice to her ability to file the appropriate motion before the mandate issues in this case,

---

[1] For privacy concerns, the minor child is referred to by initials.

according to the recent supreme court case of *Latham v. Latham*, 261 So. 3d 1110, 1115 (¶23) (Miss. 2019), and Mississippi Rule of Appellate Procedure 27(a).

## FACTS AND PROCEDURAL HISTORY

¶2.     Perkins and Herrin are the parents of one child, K.W.H., who was born in April 2015. After genetic testing, Perkins sued Herrin for paternity and other relief on September 23, 2015. On July 8, 2016, the chancery court entered an agreed temporary judgment ordering Herrin to pay Perkins $250 per month for child support and $100 per month for daycare costs. On October 28, 2016, Perkins filed a "Petition for Citation for Contempt" against Herrin for failing to pay child support from July 1, 2016 through the date of the filing. Perkins asked for the arrearage of $1,000 plus interest and payment of her attorney's fee. There was no hearing on this petition.

¶3.     On December 9, 2016, the parties reached an agreement that was incorporated into an agreed final judgment. At that time, Perkins was living with her parents, K.W.H., and her other child. Herrin lived with a roommate and was working at two different places of employment—one as an emergency medical services technician with Pafford Emergency Medical Services and another with the "Madison Fire Department." Herrin was also paying child support for another child. According to the agreed final judgment, Perkins was granted physical custody; the parties shared legal custody; and Herrin was given specific visitation rights. Herrin was ordered to pay $300 per month in child support and $50 per month on a back child-support arrearage of $3,600. He also had to provide health insurance for the minor child, and the parties agreed to divide the cost of daycare equally. Herrin also agreed

2

to pay Perkins's attorney's fees of $1,500 at the rate of $125 per month. Both parties and their attorneys signed the order that the court entered.

¶4. That same month, the Department of Human Services notified Herrin that the future child support would be paid through payroll deductions. Herrin would continue to pay the other money owed to Perkins (other than future support) directly.

¶5. In May 2017, Herrin's nine-year-old son from a prior relationship came to live with him. But apparently Herrin took no steps to modify his child-support obligation for that child and continued to pay it. After the child moved in, Herrin decided to go to paramedic school and leave his fire-department job. Herrin's reduced income led to his delinquent payments to Perkins.

¶6. In September 2017, Perkins filed a petition for contempt, alleging that Herrin was in arrears for unpaid child support and on the attorney's fees payment. The petition included specific amounts and dates from which they were owed. A total amount of $1,695 was demanded.

¶7. Herrin was served with a summons and a copy of the petition and filed an answer and counterclaim for modification in January 2018. He made no demand for more specific pleading of the arrearages owed and admitted that he was behind on the attorney's fees payments. In support of the counterclaim, Herrin stated that his other child was now living with him for whom he received no support. Herrin said he could no longer pay Perkins the amounts owed due to this change in circumstances and asked for a modification.

¶8. The court rescheduled a hearing on the contempt action that was continued at Herrin's

3

request. Thereafter, Perkins filed an amended petition which calculated the dates and moneys owed for child support ($977.83), for the outstanding attorney's fees ($1,250), and for Herrin's unpaid share of daycare costs ($2,890). Herrin moved to strike the amended pleading for Perkins's failure to secure court permission prior to filing. Perkins then filed a motion to amend, which the court granted, and Herrin filed his answer to the amended petition.

¶9. The hearing was reset twice, and during this time Herrin requested no discovery. At a hearing on April 23, 2018, Perkins testified that Herrin had made only two $125 payments on the $1,500 attorney's fees obligation, leaving a balance of $1,250 owed. Perkins also testified that Herrin had paid nothing on the daycare bill that she, with the help of her family, had paid at a rate of $115 each week since January 5, 2017. Herrin also testified and admitted that he had not paid the balance of the attorney's fees owed, claiming that with his change in circumstances, he was unable to pay. He denied knowing about his obligation to pay the daycare bill even though his signature appears on the agreed final judgment. He told the court that Perkins never contacted him about it; however, on re-direct examination, he was confronted with a document revealing a text message exchange with Perkins, showing that the daycare cost had been raised. He presented no documentary proof to challenge the accuracy of Perkins's figures.

¶10. At the end of the hearing, the court ruled from the bench, sympathizing with Herrin and even commending his efforts to go to school to get a better paying job. But the court could not ignore the admissions Herrin made in his testimony and the clearly delineated

4

obligations in the final judgment that bore his signature. The court found by clear and convincing evidence that Herrin was in contempt. The court ordered him to pay the $1,250 owed on the past attorney's fees within sixty days and ordered him to pay the daycare arrearage owed in the amount of $3,976.50 at the rate of $100 per month. The court also awarded Perkins a reasonable attorney's fee of $1,683 that was to be paid by October 23, 2018. The court considered its ruling a "cleansing or purging judgment" and went further to temporarily modify Herrin's child-support obligation, lowering it from $300 per month to $180 for the next six months.

¶11.    The court's ruling was set out in an order that was entered on May 14, 2018. From that order, Herrin appeals. On appeal, Perkins requests compensation for appellate attorney's fees pursuant to Mississippi Rule of Appellate Procedure 28.

## STANDARD OF REVIEW

¶12.    A finding of contempt for failure to pay child support is subject to the deferential manifest error standard of review. *Bosarge v. Bosarge*, 879 So. 2d 515, 517 (¶15) (Miss. Ct. App. 2004). We "will not disturb a chancellor's judgment when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous, or [applied] an erroneous legal standard." *Wilson v. Stewart*, 171 So. 3d 522, 526 (¶9) (Miss. Ct. App. 2014). An adjudication of contempt must be proven by clear and convincing evidence. *Gilliland v. Gilliland*, 984 So. 2d 364, 369 (¶19) (Miss. Ct. App. 2008).

## DISCUSSION

5

## I.     Whether Perkins's petition for contempt was insufficient.

¶13.    On appeal, Herrin is not challenging the chancery court's findings of contempt or the provisions of its order.  As phrased by Herrin, the single issue on appeal is "whether or not the court should require litigants to specifically enunciate, articulate, or otherwise show each and every matter of contempt in order for the Defendant to know what he or she is actually being charged with contempt."  From this we discern his issue to be whether the trial court erred by not dismissing Perkins's petition for citation for contempt because the petition did not enunciate and disclose each instance of contempt in the petition itself.  There are several reasons why this Court should refrain from considering this issue, but notwithstanding those, we find no merit to Herrin's argument.

### 1.     *Waiver*

¶14.    The record does not reflect that Herrin ever requested the trial court to dismiss the petition on the grounds of faulty pleading, and therefore, he has waived this issue on appeal. One of the most fundamental and long established rules of law in Mississippi is that appellate courts will not review matters on appeal that were not raised at the trial court level.  *Latham v. Latham*, 261 So. 3d 1110, 1113 (¶14) (Miss. 2019).

¶15.    Here Herrin was served with Perkins's September 14, 2017 motion for contempt and filed an answer and counterclaim for modification.  Concerning Perkins's allegations of nonpayment of child support, Herrin answered that he had proof of the amount that was taken from his check and sent to the Department of Human Services.  Otherwise, he said it was impossible to determine whether the amounts alleged were true, in effect denying the

allegations. Further, Herrin admitted that he had not paid the amount owed on the attorney's fees. He went on to plead inability to pay because he now had custody of another child, which he also claimed as a basis for modification of his obligations. His answer contained no motion to dismiss, and at no point did Herrin ever move to dismiss the petition for alleged faulty pleading. Herrin sought no clarification of the amounts owed, nor did he propound any discovery on the issue even though he had months to do so prior to the hearing in April.

¶16. Thereafter, the court held a hearing on each and every aspect of Herrin's failure to pay court-ordered amounts. Only in closing did Herrin raise his complaints concerning the contempt pleading itself. But even then Herrin made no request of the court to dismiss the case because of any pleading defect. "Our law is clear that an appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved." *In re Estate of Wylie*, 226 So. 3d 114, 120 (¶17) (Miss. Ct. App. 2017) (quoting *Young v. State*, 891 So. 2d 813, 819 (¶14) (Miss. 2005)). Here, Herrin did not present the issue to the court.

¶17. If not raised in the trial-level court, we may only review Herrin's issue under the plain-error doctrine. *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 410 (¶21) (Miss. 2018), *reh'g denied* (Aug. 9, 2018). The plain-error doctrine nearly always is applied in the criminal context, but there is no bar to applying it in a civil case. *Id.* The plain-error doctrine requires a determination of whether the trial-level court deviated from a legal rule, whether that error is plain, clear, or obvious, and whether the error has prejudiced the outcome of the trial. *Id.*

7

¶18.    Herrin has not argued nor presented any evidence that the chancery court here deviated from a legal rule. Herrin only urges us to create a new legal rule, which is not our role. Just as it is not the Court's role to decide what a statute should provide, *Mississippi Baptist Health Systems Inc. v. Harkins*, 245 So. 3d 370, 374 (¶12) (Miss. 2018), it is not our role to alter the Mississippi Rules of Civil Procedure concerning the content of pleadings.

¶19.    Here, the issue was not properly presented to the chancery court, and we will not fault it for something it did not rule upon. Nor do we find any plain error in the court's rulings or orders.

### 2.    *Failure to Cite Authority*

¶20.    In addition, Herrin cites no legal authority to support his claim that a failure to delineate missed support payments in a contempt petition constitutes reversible error. Therefore, this Court is under no obligation to address this issue. *Byrd v. State*, 179 So. 3d 64, 66 (¶7) (Miss. Ct. App. 2015).

¶21.    The Mississippi Supreme Court has held that it is the duty of the appellant to provide authority in support of an assignment of error. *Fisher v. Miss. Dep't of Emp't Sec.*, 176 So. 3d 141, 143 (¶8) (Miss. Ct. App. 2015) (quoting *Young v. State*, 919 So. 2d 1047, 1049 (¶5) (Miss. Ct. App. 2005)). "Failure to cite legal authority in support of an issue is a procedural bar on appeal." *Id*. Any failure to cite authority in support of an argument precludes consideration of the issue on appeal. *Boutwell v. Boutwell*, 829 So. 2d 1216, 1223 (¶29) (Miss. 2002); *Forrest v. McCoy*, 996 So. 2d 158, 160 (¶7) (Miss. Ct. App. 2008).

¶22.    Here, Herrin concedes that Mississippi is a notice pleading state. Under Rule 8 of the

8

Mississippi Rules of Civil Procedure, all that is needed in a complaint is a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment. Although Herrin cites authorities for peripheral arguments such as the application of the Sixth Amendment to the states through the Fourteenth Amendment, Herrin cites no authority that a petition for contempt needed anything further than what is required in Rule 8. His reference to *Stallings v. Allen*, 201 So. 3d 500 (Miss. Ct. App. 2016), is inapplicable to Herrin's case. In *Stallings*, the court denied Stallings's motion to continue despite his alleged need for time to hire an attorney. On appeal, we affirmed the chancery court because Stallings had failed to present any evidence of prejudice due to the denial of the continuance motion. *Id.* at 503 (¶9). Although Herrin cites this case, he fails to apply it to his situation. If anything, like Stallings, Herrin presented no evidence of prejudice due to any inadequate allegations in the amended petition. Thus, Herrin has not cited any authority specific to his issue of deficient pleading and technically we need not address his issue.

### 3. *No Error by Chancery Court Judge*

¶23. Notwithstanding the procedural bar to considering Herrin's appeal, we find no error by the chancery court in its rulings or in Perkins's pleadings. Under the liberal pleading requirements of Rule 8(a) of the Mississippi Rules of Civil Procedure, a plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. *Welch Roofing & Const. Inc. v. Farina*, 99 So. 3d 274, 278 (¶12) (Miss. Ct. App. 2012). But "the pleadings need only 'provide sufficient notice to the defendant of the claims and grounds upon which relief which

is sought.'" *Id.* (quoting *Scott v. City of Goodman*, 997 So. 2d 270, 276 (¶14) (Miss. Ct. App. 2008)).

¶24. Perkins acted in accordance with these notice-pleading requirements in drafting her contempt petitions. Both the original petition for contempt as well as her amended petition gave Herrin notice of the issues (back child support, unpaid attorney's fees, and unpaid daycare costs) with specific dates and amounts included. Although a petition for contempt could be heard within seven days of service of process under Rule 81 of the Mississippi Rules of Civil Procedure, often cases are continued (as was this case)—sometimes for months. During that time, amounts will change, and the petitioner should not be required to constantly seek to amend his or her petition. Moreover, in this case it was shown that Herrin knew of his obligations and that he admitted to failing to fulfill them. Accordingly, Perkins's pleadings were adequate and the chancery court did not abuse its discretion in finding Herrin in contempt and ordering the relief it did.

## II. Whether Perkins is entitled to attorney's fees on appeal.

¶25. Perkins argues that under Rule 38 of the Mississippi Rules of Appellate Procedure Herrin's appeal is frivolous because he had no hope of success and, accordingly, she is entitled to attorney's fees on appeal. Even if not frivolous, Perkins argues that under *Grant v. Grant*, 765 So. 2d 1263, 1268 (¶19) (Miss. 2000), appellate courts have traditionally awarded attorney's fees when the chancery court awards a party attorney's fees at the trial-court level and that party is forced to defend and prevails on appeal.

¶26. But our Supreme Court has recently held that a request for appellate attorney's fees

10

must be made in a motion that complies with Mississippi Rule of Appellate Procedure 27(a). *Latham v. Latham*, 261 So. 3d 1110, 1114-16 (¶¶ 21-24) (Miss. 2019). Therefore, we deny Perkins's request for appellate attorney's fees without prejudice. Perkins may renew her request before mandate in a motion that complies with Rule 27(a).

## CONCLUSION

¶27. We find no abuse of discretion or other error by the chancery court in this matter. We deny Perkins's request for attorney's fees on appeal without prejudice to her ability to file an appropriate motion prior to issue of the mandate.

¶28. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE AND C. WILSON, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**